Matter of Dibble v Venettozzi (2020 NY Slip Op 01882)





Matter of Dibble v Venettozzi


2020 NY Slip Op 01882


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

529492

[*1]In the Matter of Jeffrey Dibble, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: February 7, 2020

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Jeffrey Dibble, Canandaigua, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
Petitioner commenced this CPLR article 78 proceeding challenging a tier III disciplinary determination finding him guilty of violating a prison disciplinary rule. The Attorney General has advised this Court that the determination has been administratively reversed and all references have been expunged from petitioner's institutional record. As such, the matter is moot and the petition is dismissed (see Matter of Telesford v Annucci, 175 AD3d 1717, 1717 [2019]). Inasmuch as the record does not reflect that the mandatory $5 surcharge was refunded to petitioner's account (see 7 NYCRR 253.7 [b]), he should be permitted to recoup that expense (see Matter of Oppenheimer v Griffin, 123 AD3d 1214, 1214 [2014]; Matter of Mastropietro v Fischer, 81 AD3d 1022, 1022 [2011]). Further, the record reflects that the penalty imposed included a loss of good time. Any reference thereto should also be expunged from petitioner's institutional record (see Matter of Dacey v Annucci, 173 AD3d 1585, 1585-1586 [2019]; see generally 7 NYCRR 260.1). To the extent that petitioner seeks relief pertaining to his alleged wrongful confinement as a result of the disciplinary determination, such relief is unavailable in the context of this CPLR article 78 proceeding.
Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ., concur.
ADJUDGED that the petition is dismissed, as moot, without costs, but with a refund of the mandatory surcharge in the amount of $5.